UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINDALE POWELL,<br><br>   Plaintiff,<br><br>   v.<br><br>KAMALA HARRIS, et al.,<br><br>   Defendants. | Case No. 16-cv-05876-JSC<br><br>**ORDER TO SHOW CAUSE** |

## INTRODUCTION

Petitioner, a prisoner of the State of California proceeding pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his conviction.[1] Petitioner has paid the filing fee. Because the petition states a cognizable basis for federal habeas, a response from Respondent is warranted.

## BACKGROUND

Petitioner was convicted of murder in 2008 in San Mateo County Superior Court. The trial court sentenced him to a term of 53 years to life in state prison. In 2012, the California Court of Appeal affirmed the judgment, and the California Supreme Court denied a petition for review. Thereafter, Petitioner unsuccessful petitioned for a writ of habeas corpus in the Superior Court, the California Court of Appeal, and the California Supreme Court. Petitioner subsequently filed the instant federal petition.

---

[1] Petitioner has consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (ECF No. 7.)

# DISCUSSION

## I. Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

## II. Legal Claims

Petitioner claims that: (1) the trial court erred in admitting testimony that petitioner shot the victim; (2) the trial court erred by instructing the jury about mutual combat and pretextual self-defense; (3) the trial court erred by failing to define the term "mutual combat" used in the instructions; (4) the trial court erred by giving the prosecutor's special instruction about manslaughter to the jury; (5) trial counsel provided Petitioner ineffective assistance; (6) the prosecutor committed misconduct; (7) appellate counsel provided Petitioner ineffective assistance; and (8) the trial judge committed misconduct. When liberally construed, these claims state cognizable grounds for federal habeas relief.

# CONCLUSION

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve a Magistrate Judge jurisdiction consent form, a copy of this Order, and the petition, and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this Order on Petitioner.

2. Respondent shall complete and file the Magistrate Judge jurisdiction consent form in accordance with the deadline provided on the form.

3. Respondent shall also file with the Court and serve on Petitioner, within **ninety-one (91) days** of the date this Order is issued, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.  If Petitioner wishes to respond to the answer, he shall do so by filing a traverse (a reply) with the Court and serving it on Respondent within **twenty-eight (28) days** of the date the answer is filed.

4.  Respondent may, within **ninety-one (91) days** of the date this Order is issued, file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **twenty-eight (28)** days of the date the motion is filed, and Respondent shall file with the Court and serve on Petitioner a reply within **fourteen (14)** days of the date any opposition is filed.

5. It is Petitioner's responsibility to prosecute this case.  Petitioner must keep the Court informed of any change of address by filing a separate paper captioned "Notice of Change of Address."  He must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: February 9, 2017

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINDALE POWELL,<br><br>    Plaintiff,<br><br>v.<br><br>KAMALA HARRIS, et al.,<br><br>    Defendants. | Case No. 16-cv-05876-JSC<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 9, 2017, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Quindale Powell ID: G-53316
California State Prison, Solano (4000)
P.O. Box 4000
Vacaville, CA 95696-4000

Dated: February 9, 2017

Susan Y. Soong
Clerk, United States District Court

By:_____
Karen Hom, Deputy Clerk to the
Honorable JACQUELINE SCOTT CORLEY