UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINDALE POWELL,<br><br>　　　　Petitioner,<br><br>　v.<br><br>ERIC ARNOLD, Warden,<br><br>　　　　Respondent. | Case No. 16-cv-05876-HSG (PR)<br><br>**ORDER GRANTING MOTION TO DISMISS; DENYING CERTIFICATE OF APPEALABILITY**<br><br>Re: Dkt. Nos. 15, 22 |

Petitioner, a *pro se* prisoner, filed this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has moved to dismiss the petition as untimely.[1] Petitioner has filed an opposition[2], and respondent has filed a reply.

## BACKGROUND

In May 2008, in San Mateo County Superior Court, a jury found Petitioner guilty of first degree murder (Cal. Penal Code § 187(a)), with the allegation that he used a firearm in the commission of the crime (Cal. Penal Code § 12022.53(d)) and that he was a felon in possession of a firearm (Cal. Penal Code § 12021(a)(1)). Petition at 1-2[3], Ex. A at 1.[4] On February 22, 2012, the California Court of Appeal affirmed Petitioner's conviction in an unpublished decision. Ex. A. On May 9, 2012, the California Supreme Court denied Petitioner's petition for review. Ex. B.

---

[1] Petitioner named both Warden Eric Arnold and former California Attorney General Kamala Harris as respondents. Harris is not the proper respondent, and the Clerk is DIRECTED to terminate her as a respondent on the docket in this action.

[2] Petitioner filed a document entitled "Application for Relief from Default" (Dkt. No. 22), which the Court construes as an opposition.

[3] All page numbers used herein refer to those affixed to the top of the page by the Court's electronic filing program.

[4] All exhibits referenced are those submitted by Respondent in support of the motion to dismiss.

On April 22, 2013, Petitioner filed a petition for writ of habeas corpus that the San Mateo County Superior Court denied on October 7, 2013. Ex. C.[5] On February 13, 2014, Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, which was denied on February 20, 2014. Ex. D.

On June 17, 2014, Petitioner filed another petition for writ of habeas corpus in the San Mateo County Superior Court. Ex. E. That petition was denied on February 18, 2015. *Id.* On July 2, 2014, Petitioner filed a petition for writ of mandate in the California Court of Appeal, which was denied on July 7, 2014. Ex. F. On August 4, 2014, Petitioner filed another petition for writ of mandate, which the San Mateo County Superior Court denied on February 18, 2015. Ex. E.

On June 8, 2015, Petitioner filed a petition for writ of habeas corpus that the San Mateo County Superior Court denied on September 2, 2015. Ex. G. On October 13, 2015, Petitioner filed a petition for writ of mandate that the California Court of Appeal denied on October 29, 2015. Ex. H. On October 19, 2015, Petitioner filed a petition for writ of habeas corpus that the California Court of Appeal denied on October 29, 2015. Ex. I.

On March 14, 2016, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court, which was denied on May 11, 2016. Ex. J. On March 21, 2016, Petitioner filed a petition for writ of mandate that the California Supreme Court transferred to the California Court of Appeal on April 13, 2016. Ex. K. That petition was denied on April 21, 2016. Ex. L. The California Supreme Court denied review of the denial order on June 29, 2016. Ex. M.

On September 30, 2016, Petitioner filed the instant federal habeas petition in the United States District Court for the Eastern District of California. *See* Dkt. No. 1. The action was later transferred to this court, and, on February 9, 2017, the court issued an order to show cause. Dkt. No. 11.

---

[5] As a pro se prisoner, Petitioner receives the benefit of the prisoner mailbox rule, which deems most documents filed when the prisoner gives them to prison officials to mail to the court. *See Stillman v. LaMarque*, 319 F.3d 1199, 1201 (9th Cir. 2003). Because the record does not include copies of most of Petitioner's state court filings, the Court uses the actual filing dates. Given the extent of Petitioner's delays, however, any discrepancy is inconsequential, as discussed further below.

2

**DISCUSSION**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. As a general rule, petitions filed by prisoners challenging noncapital state convictions or sentences must be filed within one year of the latest of the date on which the judgment became final after the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). "Direct review" includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). Accordingly, if a petitioner fails to seek a writ of certiorari from the United States Supreme Court, AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires. *See Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002) (where petitioner did not file petition for certiorari, his conviction became final 90 days after the California Supreme Court denied review); *Bowen*, 188 F.3d at 1159 (same).

Here, because Petitioner did not seek a writ of certiorari from the United States Supreme Court, Petitioner's judgment became final on August 7, 2012, ninety days after the state supreme court denied review on May 9, 2012. Petitioner therefore had one year, or until August 7, 2013, to file his federal habeas petition. *Evans v. Chavis*, 546 U.S. 189, 200 (2006); *Patterson v. Stewart*, 251 F.3d 1243, 1245 (9th Cir. 2001). The instant petition was filed on September 30, 2016, over three years after the limitations period expired. The petition is therefore untimely unless Petitioner qualifies for tolling.

**A.   Statutory Tolling**

As noted above, AEDPA's one-year limitations period is tolled under § 2244(d)(2) for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2)). This includes the time between a lower state court's decision and the filing of a notice of appeal to a higher state court. *Carey v. Saffold*, 536 U.S. 214, 219-21 (2002). In California, where prisoners generally use the state's "original writ system," this means that the limitations period remains

3

tolled during the intervals between a state court's disposition of an original state habeas petition and the filing of a further original state habeas petition in a higher court (gap tolling), provided the prisoner did not delay unreasonably in seeking review in the higher court. *See id.* at 220-23; *see also Stewart v. Cate*, 757 F.3d 929, 935 (9th Cir. 2014). If a state court does not clearly rule on a petitioner's delay, the federal court must evaluate all relevant circumstances and independently determine whether the delay was "unreasonable." *Carey*, 536 U.S. at 226. Unless the California legislature or courts determine otherwise, a federal court should not interpret California's standard to "lead to filing delays substantially longer than those in States with determinate timeliness rules." *Evans v. Chavis*, 546 U.S. 189, 200 (2006).

The record shows that petitioner first filed a state habeas petition in San Mateo County Superior Court on April 22, 2013. The court denied the petition on October 7, 2013, tolling the limitation period for 168 days. Petitioner then filed a state habeas petition in the California Court of Appeal on February 13, 2014. The court denied the petition on February 20, 2014, tolling the limitation period for 7 days. Petitioner filed a state habeas petition in the California Supreme Court on March 14, 2016. The court denied the petition on May 11, 2016, tolling the limitation period for 58 days. But Petitioner is not entitled to gap tolling for the interval between the San Mateo County Superior Court's disposition of his petition and the filing of his petition in the California Court of Appeal (i.e., the 129 days from October 7, 2013 to February 13, 2014). Nor is Petitioner entitled to gap tolling for the interval between the court of appeal's disposition and the filing of his petition in the California Supreme Court (i.e., the 753 days from February 20, 2014 to March 14, 2016). Although the interval between a state court disposition and a submission of a habeas petition to the next appellate level is normally tolled, *see Carey*, 536 U.S. at 219-21, here the petitions were substantially delayed, and Petitioner does not provide adequate justification for the delay. *See Evans*, 546 U.S. at 201 (finding unjustified six-month delay unreasonable); *Stewart*, 757 F.3d at 935-37 (finding 100-day delay with no showing of good cause unreasonable); *see also Velasquez v. Kirkland*, 639 F.3d 964, 968 (9th Cir. 2011) (finding 91- and 81-day delays between state habeas petitions unreasonable with no indication from California courts to the contrary). Petitioner is not entitled to tolling from the February 20, 2014 denial of his petition in

4

the California Court of Appeal and his second superior court petition, filed June 17, 2014 because state collateral proceedings are pending only during "the intervals between a lower court decision and the filing of a new petition in a *higher* court." *See Carey*, 536 U.S. at 223 (emphasis added).

In sum, the limitations period was tolled under § 2244(d)(2) for 233 days (168 + 7 + 58), extending the filing deadline from August 7, 2013 to March 28, 2014. But the instant federal petition was not filed until September 30, 2016. It is 917 days late.

Accordingly, the Court finds the petition is not rendered timely on the basis of statutory tolling.

**B.      Equitable Tolling**

AEDPA's one-year statute of limitations is subject to equitable tolling in appropriate circumstances. *Holland v. Florida*, 560 U.S. 631, 645 (2010). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id*. at 649 (internal quotation marks omitted); *accord Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) ("When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate."). The diligence required to establish entitlement to equitable tolling is "reasonable diligence." *Holland*, 560 U.S. at 653.

Petitioner bears the burden of showing "extraordinary circumstances were the cause of his untimeliness." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (citing *Stillman*, 319 F.3d at 1203). Where a petitioner fails to show "any causal connection" between the grounds upon which he asserts a right to equitable tolling and his inability to timely file a federal habeas application, the equitable tolling claim will be denied. *Gaston v. Palmer*, 417 F.3d 1030, 1034-35 (9th Cir. 2005). Further, such petitioner must show "his untimeliness was caused by an external impediment and not by his own lack of diligence." *Bryant v. Ariz. Att'y Gen.*, 499 F.3d 1056, 1061 (9th Cir. 2007) (citing *Roy v. Lampert*, 465 F.3d 964, 973 (9th Cir. 2006)).

Here, petitioner requests equitable tolling based on prison conditions. Specifically, he asserts that "[t]here were several days as well as weeks where institutional occurrences . . .

5

resulted in no inmate movement." Dkt. no. 22 at 5. According to petitioner, this curtailed his access to the law library. *Id.* at 6. Petitioner submits no evidence of the referenced "institutional occurrences," let alone evidence of when they transpired vis-a-vis his filings. The Ninth Circuit has clearly stated, "Ordinary prison limitations on [petitioner's] access to the law library and copier . . . were neither 'extraordinary' nor made it 'impossible' for him to file his petition in a timely manner. Given even the most common day-to-day security restrictions in prison, concluding otherwise would permit the exception to swallow the rule ." *Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009). As in *Ramirez*, petitioner offers no explanation regarding how his limited law library access made it impossible for him to file a timely federal petition. *See id.*; *see, e.g.*, *Chaffer v. Prosper*, 592 F.3d 1046, 1049 (9th Cir. 2010) (per curiam) (prisoner's *pro se* status, law library missing a "handful" of reporter volumes, and reliance on inmate helpers who were transferred or too busy to attend to his petitions are not extraordinary circumstances "given the vicissitudes of prison life"). Further, petitioner has failed to show a causal connection between his alleged inability to file a timely federal petition and his limited access to the law library. He does not indicate what library materials he needed, when and why he needed them, and how he attempted to acquire them.

Accordingly, the Court finds the petition is not rendered timely on the basis of equitable tolling.

## C. Actual Innocence Gateway

Petitioner also asserts actual innocence. The United States Supreme Court has held that a federal court may hear untimely claims if the failure to hear the claims would constitute a "miscarriage of justice." *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013) (holding that miscarriage of justice (actual innocence) showing applies to claims filed after the AEDPA statute of limitations has run, as well as to successive, abusive and procedurally defaulted claims); *Lee v. Lampert*, 653 F.3d 929, 931 (9th Cir. 2011) (en banc). The "miscarriage of justice" exception is limited to habeas petitioners who can show, based on "new reliable evidence," that "'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Schlup v. Delo*, 513 U.S. 298, 324-27 (1995) (quoting *Murray v. Carrier*, 477 U.S. 478, 496

(1986)); *see Johnson v. Knowles*, 541 F.3d 933, 937 (9th Cir. 2008) ("[t]he miscarriage of justice exception is limited to those *extraordinary* cases where the petitioner asserts his innocence and establishes that the court cannot have confidence in the contrary finding of guilt"); *see id*. at 936-37 (holding miscarriage of justice exception did not apply where petitioner conceded his guilt but argued evidence of state's and attorney's misconduct resulted in his being held in prison longer than he should have been). In particular, Petitioner must show "it is more likely than not that no reasonable juror would have convicted him in the light of [such] new evidence." *Schlup*, 513 U.S. at 327.

Petitioner is not entitled to this equitable exception because he submits no "new reliable evidence" establishing factual innocence.

**CONCLUSION**

For the foregoing reasons:

1. Respondent's motion to dismiss the instant petition as untimely is GRANTED.

2. Petitioner has not shown "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, a certificate of appealability is DENIED.

3. The Clerk shall terminate all pending motions, enter judgment, and close the file.

**IT IS SO ORDERED.**

Dated: 11/30/2017

HAYWOOD S. GILLIAM, JR.
United States District Judge

7